813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FRANCONIA GRAVEL CORP., Appellee,
v.
Bruce MATOSKA, Appellant.
 No. 86-1543.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 9, 1986.
Decided Nov. 26, 1986.
 
 Before RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 Stephen M. Sayers (Hunton & Williams, on brief), for appellant.
 William L. Babcock, Jr. (Ross, Marsh & Foster, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Bruce F. Matoska appeals from the judgment of the district court entered in favor of Franconia Gravel Corporation in its action against him. After a bench trial, the court found Matoska liable for damages as an agent of a foreign corporation that had not qualified to do business in Virginia. Va.Code Sec. 13.1-119 (repealed 1986).[1] Franconia had entered into a contract with Matoska's employer, J & B Excavating, Inc., to deliver gravel and fill to a construction site in Virginia. Matoska was the supervisor at the site. The district court held that Matoska was an agent of J & B, as that term was used in Sec. 13.1-119. In addition, it held that the statute constitutionally applied to him, and that the action was not barred because Virginia's one-year statute of limitations relating to miscellaneous actions, Va.Code Sec. 8.01-248 (1984), did not apply to actions brought under Sec. 13.1-119. We agree and affirm.
 
 
 2
 In January 1984, Frank Matoska, the father of Bruce Matoska and the sole owner and President of J & B, entered into a contract with Franconia, whereby Franconia promised to deliver gravel and fill to a J & B construction site located on Daingerfield Island in Alexandria, Virginia. However, J & B, a Maryland corporation, never obtained the certificate of authority required of foreign corporations that wish to transact business in Virginia.
 
 
 3
 Bruce Matoska was J & B's foreman and sole supervisor at this job site. He was responsible for, inter alia, filling out daily logs on the work done at the site, instructing the truck drivers and machine operators, and ordering the necessary amount of fill and gravel. He earned a yearly salary of $20,000. However, Matoska was not an officer or shareholder of the corporation and the evidence did not indicate that he was responsible for J & B's failure to obtain the required certificate of authority.
 
 
 4
 Matoska does not contend that Sec. 13.1-119 is facially invalid, but argues that, as applied to him, it violates his constitutional right to due process. While we agree that the statute imposed a severe penalty on agents, particularly on agents of small corporations, we cannot say that this statute did not bear a rational relationship to a legitimate legislative objective. See Pension Benefit Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717 (1984); Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483 (1955).
 
 
 5
 Section 13.1-119 did not define "agent" and although we agree with Matoska that "agent" in this context did not mean "employee," we think more than sufficient evidence was presented at trial to establish that Matoska was an agent for his father's corporation, so that his liability for corporate obligations was contemplated by the statute. Matoska also argues that the word "agent," as used in Sec. 13.1-119, should be defined to include only agents with knowledge that a certificate of authority was required. Although the statute that replaced Sec. 13.1-119 contains a scienter requirement, this action is, of course, governed by Sec. 13.1-119, which did not contain such a provision.
 
 
 6
 We conclude that Sec. 13.1-119 is constitutional as applied to Matoska, and that the district court correctly found Matoska to be an agent of J & B. We also agree with the district court that the underlying action is contractual and governed by the time limitation of Va.Code Sec. 8.01-246 (1984).[2] Consequently, the shorter one-year limitation period applicable to miscellaneous causes of action does not apply.
 
 
 7
 We likewise find no merit in Matoska's argument that the trial court erred in admitting evidence of J & B's contract with a third party. The judgment of the district court is, therefore, affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Va.Code Sec. 13.1-119 provided in part:
 If a foreign corporation transacts business in this State without a certificate of authority, its directors, officers and agents doing such business shall be jointly and severally liable for any contracts made or to be performed in this State and any torts committed in this State between the time when it began to transact business in this State and the date when it obtains a certificate of authority.
 Section 13.1-119 was repealed effective January 1, 1986 and replaced by Va.Code Sec. 13.1-758(D) (1986). Under the new statute, liability may be imposed on an officer, director or employee of a foreign corporation that does business in Virginia without obtaining a certificate of authority only if that individual knows that a certificate is required. Moreover, under the new statute, liability is limited to a $5,000 fine.
 
 
 [2]
 Under Sec. 8.01-246, the limitation period varies from 3-5 years, depending on the type of contract involved. Since the minimum limitation period is three years, and since this action was brought less than two years after the claim arose, we further agree with the district court that it is unnecessary to determine which of those limitation periods applies to this action